IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R.H., an individual, : | |
| : | |
| Plaintiffs, : | Case No. 2:22-cv-03774 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| RED ROOF INNS, INC., et al., : | Magistrate Judge Elizabeth P. Deavers |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff's Motion to Dismiss (ECF No. 72). For the following reasons, Plaintiffs' Motion is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff R.H. alleges she was trafficked for sex at the Rockville Red Roof Property ("RRP") in Rockville, Maryland, a branded property of Red Roof Inns, Inc., and Red Roof Franchising, LLC (hereinafter together referred to as "Red Roof" or "Defendants") between 2015 and 2016. (ECF No. 1 ¶ 41). Plaintiff alleges Defendants "profited from each and every room that R.H.'s traffickers and customers rented where R.H. was harbored and maintained for the purpose of sex trafficking" and from Wi-Fi data collected from the rooms. (*Id*. ¶ 67). She also alleges that "to save costs and continually reap millions of dollars in profits, Red Roof generally failed to create, adopt, implement, and enforce company-wide policies and procedures regarding human trafficking (or suspected) at the branded properties." (*Id*. ¶ 34).

1

Plaintiff commenced this action in October 2022 (ECF No. 1). Defendants filed a Motion to Dismiss, which this Court denied in March 2024. (ECF No. 50).  On November 1, 2024, Plaintiff moved to voluntarily dismiss the instant action without prejudice. (ECF No. 72).  Defendants have not opposed the motion, but Plaintiff indicated that "Red Roof does not agree that the instant action should be dismissed without prejudice." (ECF No. 72 at 1).

## II.  LAW & ANALYSIS

As Plaintiff seeks a voluntary dismissal by court order, this Court is guided by Federal Rule of Civil Procedure 41 under which this Court can dismiss a case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). But as Plaintiff's motion indicates, the parties disagree about the appropriate type of dismissal: Plaintiff is requesting a dismissal without prejudice, but Defendant asserts the dismissal should be with prejudice. (ECF No. 72 at 1).

"Generally, a court's decision to grant a plaintiff's Rule 41(a)(2) motion is improper only if, as a result of a dismissal without prejudice, a defendant will suffer 'plain legal prejudice,' as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In evaluating plain legal prejudice, this Court is to consider: "(1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment." *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). Per the text of the rule, the default under Rule 41(a)(2) is dismissal without prejudice. *See*Fed. R. Civ. P. 41(a)(2).

As applied to this case, these four factors weigh in favor of dismissing Plaintiff's claims without prejudice. While this case originated in 2022, "nothing in the record … intimate[s] that

2

Plaintiff has engaged in excessive delay and a lack of diligence in prosecuting this case." *Ohio Democratic Party v. Blackwell*, 2:04-cv-1055, 2005 WL 8162668, at *12 (S.D. Ohio Aug. 26, 2005). Indeed, Plaintiff survived a motion to dismiss in 2024, after which the parties agreed to certain discovery-related orders. (*See* ECF No. 65, 68). A motion for summary judgment has not been filed, and the case is far from trial and there has been little to no discovery. *See Jones v. Mount Carmel Health Sys.*, No. 06-c2-1009, 2008 WL 213956, at *3-4 (S.D. Ohio Jan. 24, 2008).

Because Defendants have not filed an opposition or otherwise explain why the dismissal should be with prejudice, Plaintiff's request for a dismissal without prejudice is well-taken. *See Dowling*, 2007 WL 2815567, at *3. This action will therefore be dismissed without prejudice.

## II. CONCLUSION

For the following reasons, Plaintiffs' Motion to Dismiss (ECF No. 72) is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 30, 2025**